UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN T. THOMAS                          CIVIL ACTION

VERSUS                                   NO. 14-2814

TANGIPAHOA PARISH SCHOOL                 MAGISTRATE JUDGE
BOARD ET AL.                             JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

Plaintiff, Kevin T. Thomas, alleges that his former employer, the Tangipahoa

Parish School Board ("the Board"), and Mark Kolwe, the Superintendent of the Board,

discriminated against him based on his race (African-American) by terminating his

employment in violation of Title VII, 42 U.S.C. § 2000e et seq.; 42 U.S.C. §§ 1981 and

1983; and the Louisiana Employment Discrimination Law, La. Rev. Stat. § 23:301 et seq.

Complaint, Record Doc. No. 1.  This matter was referred to a United States Magistrate

Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c)

upon written consent of all parties.  Record Doc. No. 8.

Defendants filed a Partial Motion to Dismiss and/or Partial Motion for Summary

Judgment supported by a few unverified exhibits, seeking dismissal of all of plaintiff's

claims against Kolwe only.  Record Doc. No. 11.  Thomas filed a timely memorandum

in opposition, supported by a few unverified exhibits.  Record Doc. No. 13.

Having considered the complaint, the record, the arguments of the parties and the

applicable law, and for the following reasons, IT IS ORDERED that defendant's Partial

Motion to Dismiss and/or Partial Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART, as follows.

<u>ANALYSIS</u>

A.      <u>Standards of Review</u>

Defendants filed a partial motion to dismiss under Fed. R. Civ. P. 12(b)(6) and/or, to the extent that they have submitted exhibits outside the pleadings, a partial motion for summary judgment under Fed. R. Civ. P. 56.

1.      <u>Motion to Dismiss under Rule 12</u>

Defendants move to dismiss plaintiff's claims against Kolwe under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Rule 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following [seven] defenses by motion: . . . (6) failure to state a claim upon which relief can be granted; . . . ."  Fed. R. Civ. P. 12(b).

"A motion asserting any of these defenses <u>must</u> be made <u>before</u> pleading if a responsive pleading is allowed."  <u>Id.</u> (emphasis added).  A party waives the first five defenses listed in Rule 12(b) by failing to either raise them in a Rule 12(b) motion or include them in a responsive pleading.  Fed. R. Civ. P. 12(h)(1)(B); <u>Kontrick v. Ryan</u>, 540 U.S. 443, 459 (2004) (citing Fed. R. Civ. P. 12(b) - 12(h); 5A C. Wright and A.

Miller, Federal Practice and Procedure § 1347 at 184 (2d ed. 1990) (hereinafter "Wright & Miller")).

Despite the mandatory word "must" in the sentence from Rule 12(b) quoted at the beginning of the preceding paragraph, Rule 12(h) provides that the defense of failure to state a claim upon which relief can be granted is not waived by a party's failure to bring it in a Rule 12(b)(6) motion before that party files a responsive pleading.  Id. (citing Fed. R. Civ. P. 12(h)(2)).  In lieu of filing a motion under Rule 12(b)(6), the defense of failure to state a claim upon which relief can be granted "may be raised:  (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2) (emphasis added).

Although Rule "12(b)(6) relief was unavailable" if a party's

> motion was made after it had filed a responsive pleading . . . , a defense of failure to state a claim upon which relief can be granted may also be raised by a Rule 12(c) motion.  We therefore construe the [defendant's] motion as a Rule 12(c) motion for judgment on the pleadings raising this defense.

Young v. City of Houston, 599 F. App'x 553, 554 (5th Cir. 2015) (citing Fed. R. Civ. P. 12(b), 12(h); Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

Defendants in the instant case preserved their affirmative defense of failure to state a claim upon which relief can be granted by including it in their answer to the complaint. Record Doc. No. 4 at p. 1.  Because they filed an answer before filing a Rule 12(b)

motion, the court construes their motion to dismiss for failure to state a claim as a motion for judgment on the pleadings under Rule 12(c), rather than Rule 12(b)(6).

A party may move for judgment on the pleadings "[a]fter the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). "[A] 'motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).'" Young, 599 F. App'x at 554 (quoting Doe v. MySpace, Inc., 528 F.3d 413, 417 (5th Cir. 2008)).

> Under the Rule 12(b)(6) standard, as recently clarified by the Supreme Court,
>
> "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

"The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a court must 'accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff.'" Id. at 803 n.44 (quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)) (internal quotation omitted); accord Jabary v. City of Allen,  547 F. App'x 600, 604 (5th Cir. 2013) (quoting Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008)).   "With respect to any well-pleaded allegations 'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 664).

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 F. App'x 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).  However, that general rule does not apply if amendment would be futile.  Townsend v. BAC Home Loans Servicing, L.P., 461 F. App'x 367,  372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 F. App'x 346, 351-52 (5th Cir. 2011); Rio Grande Royalty Co. v. Energy Transfer Partners, L.P., 620 F.3d 465, 469 (5th Cir. 2010); Stokes v. Dolgencorp, Inc., 367 F. App'x 545, 550 (5th Cir. 2010).  Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . .  [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under

Rule 12(b)(6)."  Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010).

## 2.    Motion for Summary Judgment under Rule 56

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Rule 56, as revised effective December 1, 2010, establishes new procedures for supporting factual positions:

> (1)  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2)  Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3)  Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4)  Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that

6

would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Thus, the moving party bears the initial burden of identifying those materials in the record that it believes demonstrate the absence of a genuinely disputed material fact, but it is not required to negate elements of the nonmoving party's case. Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to [a particular material] fact." Advisory Committee Notes, at 261.

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). No genuine dispute of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented. Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must cite to particular evidence in the record to support the essential elements of its claim. Id. (citing Celotex, 477 U.S. at 321-23); accord U.S. ex rel. Patton v. Shaw Servs., L.L.C., 418 F. App'x 366, 371 (5th Cir. 2011). "[A] complete

failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323; accord U.S. ex rel. Patton, 418 F. App'x at 371.

Defendants seek summary judgment on Kolwe's affirmative defense of qualified immunity. As the moving party, Kolwe bears the initial "burden of production" under Rule 56 "to make a prima facie showing that [he] is entitled to summary judgment." 10A Wright & Miller, § 2727 (3d ed.), on Westlaw at FPP 2727 (citing Celotex, 477 U.S. at 330-36) (Brennan, J., dissenting)).[1] Because qualified immunity "is 'an affirmative defense, the defendant must both plead and establish his entitlement to immunity.' 'Although nominally an affirmative defense, the plaintiff has the burden to negate the defense once properly raised.'" Gallentine v. Hous. Auth., 919 F. Supp. 2d 787, 812-13 (E.D. Tex. 2013) (quoting Poole v. City of Shreveport, 691 F.3d 624, 627 (5th Cir. 2012); Tamez v. City of San Marcos, 118 F.3d 1085, 1091 (5th Cir. 1997)) (additional citations omitted) (emphasis added).

Defendants in the instant case must produce competent summary judgment evidence tending to show the absence of disputed material facts as to Kowle's defense of qualified immunity. If they provide such evidence, "the burden shifts to the

---

[1]"Although the Court [in Celotex] issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." Id. (citing 477 U.S. at 335) (Brennan, J., dissenting).

nonmoving party to call evidence to the attention of the court to dispute that contention."

Wright & Miller, § 2727 (citing <u>Celotex</u>, 477 U.S. at 330-36) (Brennan, J., dissenting)).

> The party opposing summary judgment does <u>not</u> have a duty to present evidence in opposition to a motion under Rule 56 in all circumstances . . . . [T]hat obligation does not exist when the movant's papers themselves demonstrate the existence of a genuine dispute of material fact [or] . . . when the matters presented fail to foreclose the possibility of a factual dispute . . . .

<u>Id.</u> (citing <u>Reed v. Bennett</u>, 312 F.3d 1190, 1194 (10th Cir. 2002); <u>Isquith v. Middle South Utils.</u>, 847 F.2d 186, 198-99 (5th Cir. 1988); <u>Thompson v. Johns-Manville Sales Corp.</u>, 714 F.2d 581 (5th Cir. 1983)) (emphasis added).

> In a qualified immunity case,

> [s]ummary judgment is appropriate only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(a). In making that determination, a court must view the evidence in the light most favorable to the opposing party. Our qualified-immunity cases illustrate the importance of drawing inferences in favor of the nonmovant, even when, as here, a court decides only the clearly-established prong of the standard.

<u>Tolan v. Cotton</u>, 134 S. Ct. 1861, 1866 (2014) (additional citations and quotation omitted). When movants for summary judgment on an affirmative defense of qualified immunity do "not . . . present any evidence to meet their initial burden of establishing that there was no genuine issue for trial," the non-moving party need not produce contradictory evidence because "the burden does not shift to the nonmovant until the

movant has successfully discharged its initial burden." Benjamin v. Harvey, 95 F.3d 49, 1996 WL 457364, at *5 (5th Cir. 1996) (citing Isquith, 847 F.2d at 198-99).

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" Nat'l Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

B.    Official Capacity Claims Under Sections 1981 and 1983

Thomas sued Kolwe in both his official and individual capacities under Title VII, 42 U.S.C. §§ 1981 and 1983, and the Louisiana Employment Discrimination Law, La. Rev. Stat. § 23:301 et seq.  Defendants argue that plaintiff's claims against Kolwe in his official capacity as a public employee under Sections 1981 and 1983 should be dismissed because the claims are effectively against the Board, which is a named defendant.

Plaintiff's claims against Kolwe in his official capacity under Sections 1981 and 1983 are "properly treated as claims against" the Board and must be dismissed as a matter of law for failure to state a claim upon which relief can be granted.  Hicks v. Tarrant Cnty. Sheriff's Dep't, 352 F. App'x 876, 877 (5th Cir. 2009) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991); Castro Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001)); accord Coleman v. Bd. of Supervisors, No. CV 15-35-JJB-RLB, 2015 WL 6758176, at *3 (M.D. La. Nov. 5, 2015) (citing Oden v. Oktibbeha Cnty., 246 F.3d 458, 463 (5th Cir. 2001)).

Accordingly, defendants' motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is granted in part in that plaintiff's claims against Kolwe in his official capacity under Sections 1981 and 1983 are dismissed with prejudice.

C.   Individual and Official Capacity Liability Under Louisiana Employment
     Discrimination Law and Title VII

Defendants argue that Thomas cannot state a claim against Kolwe under the

Louisiana Employment Discrimination Law because Kolwe was not plaintiff's employer

for purposes of the statute.  It is "well established that 'Louisiana's antidiscrimination

law provides no cause of action against individual employees, only against employers.'"

Postell v. Lane, No. 12-00527-BAJ, 2014 WL 4925665, at *4 (M.D. La. Sept. 30, 2014)

(quoting Mitchell v. Tracer Constr. Co., 256 F. Supp. 2d 520, 525 (M.D. La. 2003))

(citing La. Rev. Stat. 23:303(A); Johnson v. Acosta, No. 10-1756, 2010 WL 4025883,

at *6 (E.D. La. Oct. 12, 2010)); accord Aronzon v. Sw. Airlines, No. 03-394, 2004 WL

57079, at *5 (E.D. La. Jan. 9, 2004) (citing La. Rev. Stat. §§ 23:302(2), 23:312, 23:323,

23:332; Johnson v. Integrated Health Servs., Inc., No. 01-2075, 2002 WL 31246762, at

*2 (E.D. La. Oct. 2, 2002); Hammond v. Med. Arts Group, Inc., 574 So. 2d 521, 523 (La.

App. 3d Cir. 1991)).   Thus, Thomas's claims against Kolwe under the Louisiana

Employment Discrimination Law must be dismissed as a matter of law for failure to state

a claim.

Despite seeking dismissal of all of plaintiff's claims against Kolwe, defendants fail

to mention plaintiff's Title VII claim specifically.  Thomas makes no argument regarding

Title VII in his opposition.   Nonetheless, the court may dismiss a claim sua sponte

without allowing opportunity for argument or amendment in certain circumstances, such

as when the party "has had the opportunity to allege its 'best case'" and the claim is inadequate as a matter of law.  Davoodi v. Austin Indep. Sch. Dist., 755 F.3d 307, 310 n.1 (5th Cir. 2014) (quoting Jacquez v. Procunier, 801 F.2d 789, 792-93 (5th Cir. 1986)).

> As a general rule, "[e]ven if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties."  5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure–Civil § 1357 (3d ed. 2004).  In the Fifth Circuit, fairness requires that a litigant have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous.  See Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986).

Century Sur. Co. v. Blevins, 799 F.3d 366, 372 (5th Cir. 2015) (emphasis added).

In the instant case, Thomas's Title VII claim against Kolwe is clearly impermissible as a matter of law, and no opportunity to amend his complaint would cure the defect.  "Individuals are not liable under Title VII in either their individual or official capacities."  Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 382 (5th Cir. 2003).  Plaintiff "[cannot] maintain a Title VII action against both an employer and its agent in an official capacity."  Smith v. Amedisys Inc., 298 F.3d 434, 449 (5th Cir. 2002); accord Muthukumar v. Kiel, 478 F. App'x 156, 158 (5th Cir. 2012); Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 n.8 (5th Cir. 2003); Chhim v. Univ. of Houston-Clear Lake, No. CV H-15-1272, 2015 WL 7430885, at *3 (S.D. Tex. Nov. 20, 2015) (citing Harris v. Travis, 55 F. App'x 716, 2002 WL 31933184, at *2 (5th Cir. 2002)).

13

Accordingly, defendants' motion for judgment on the pleadings is granted in part in that plaintiff's claims against Kolwe in his individual and official capacities under both the Louisiana Employment Discrimination Law and Title VII are dismissed with prejudice.

D.   <u>Material Facts</u>

Neither plaintiff nor defendants have provided the court with competent summary judgment <u>evidence</u> to support most of their allegations.  Neither party submitted any affidavits or other sworn testimony.  They each submitted a few documents, which lack foundation and/or contain inadmissible hearsay.  Although neither side has objected to the other's exhibits, it is difficult to ascertain with confidence any set of undisputed facts from the unreliable evidentiary morass presented with this motion.  For purposes of the pending motion, I set out the following summary of what <u>may</u> be undisputed facts, together with others that appear at this point to be mere unsupported allegations.

Superintendent Kolwe is a public official employed by the Board.  Thomas began his employment with the Board on August 9, 2013, as a non-certified Social Studies/Career and Technology Teacher and Assistant Football Coach at Loranger High School.  Kolwe terminated plaintiff's employment on July 1, 2014.  No <u>evidence</u> supports defendants' allegation that Thomas was only hired for nine months.

Thomas alleges in his complaint and his opposition memorandum (without citation to any record evidence) that Kolwe terminated him based on false, racially motivated

14

accusations by Caucasian coaches at other high schools that plaintiff engaged in illegal recruiting of student athletes during the 2013-14 school year.  Thomas alleges that Kolwe failed to investigate similar, truthful allegations against Caucasian coaches.  It appears that Kolwe may have had notice of allegations of illegal recruiting against Thomas before Kolwe decided to terminate plaintiff's employment.

In the summer of 2014, the Louisiana High School Athletic Association (the "Association") investigated allegations of illegal recruiting at Loranger High School. There is <u>no record evidence</u> regarding who made the allegations, when they were made, who requested the investigation or when it was requested.  Kenny Henderson, the Association's Executive Director, reported the findings of the investigation to the Loranger High School principal in a letter dated August 7, 2014, which the Superintendent's office apparently received on August 11, 2014.  Defendant's Exh. C, Record Doc. No. 11-7.[2]  Henderson reported that the investigator "was unable to conclusively prove recruiting of student athletes or a student transferring for athletic reasons" because "there was not enough substantiated evidence."  <u>Id.</u> at p. 1.  Henderson declared that all of the transferred students were eligible for interscholastic athletic competition.  He stated that the investigation showed that Thomas "did make illegal contact with" student athletes at another high school.  <u>Id.</u>  Henderson concluded that no

---

[2]Neither party has objected to the admissibility of this letter, and both parties rely on it. Accordingly, I have considered it.  Fed. R. Civ. P. 56(a)(1)(2).

sanctions would be imposed on Thomas or Loranger High School because Henderson understood that Thomas had been relieved of his coaching responsibilities.  Id.

Thomas interprets this letter as the Association concluding that no illegal recruiting had occurred.  He asserts that, after the Association rendered its findings, defendants retroactively changed the reason for his termination from illegal recruiting to lack of certification.  No record evidence either supports or refutes this alleged change.

Defendants allege that Thomas was terminated in July 2014 for three reasons. First, they assert that he made no "meaningful progress towards obtaining his teaching certification" as required.  Defendants' memorandum, Record Doc. No. 11-2 at p. 2. They support this assertion with a mysteriously unverified, unsigned note dated March 24, 2014, stating that plaintiff's file did not show that he had enrolled in an alternate certification program and that the Louisiana Department of Education website had "no Praxis [certification examination] scores" for him.  Defendants' Exh. A.

Second, defendants allege that Thomas received subpar performance ratings on two unverified "Teacher Observation/Self-Reflection Reports" dated December 6, 2013, and March 13, 2014.  On a scale of 1 ("Unsatisfactory") to 5 ("Exemplary"), plaintiff purportedly received overall scores of 1.66 and 2.08, respectively.  Defendants' Exhs. B1, B2, B3.  Thomas argues that these reported scores were calculated incorrectly from the scores on the individual elements of the reports and that his overall scores were actually 2.015 and 2.421, respectively.  He observes that his March 2014 report displayed

16

improvement in his skills since December 2013.  However, even plaintiff's revised scores are below the "Proficient" level  of 3.  Defendants' Exh. B3.  Thus, it appears that Thomas received less than satisfactory scores on these two occasions.

Third, defendants assert that Kolwe "investigated and reasonably relied on reports that Thomas had been engaged in illegal recruiting activities, which was [sic] confirmed by the [Association] after an exhaustive investigation."  Record Doc. No. 11-2 at p. 10.

The court can<u>not</u> accept these three alleged reasons for terminating plaintiff's employment as undisputed.  Defendants have presented <u>no evidence</u> that Thomas was required to be certified for continued employment or that he had made no "meaningful progress" towards certification <u>after</u> the March 24, 2014, note in his file.  Thomas alleges, without providing any <u>admissible evidence</u>, that he had been preparing for the Praxis examination by attending tutoring sessions at Loranger High School during the 2013-2014 school year and that he was registered to take the exam on June 7, 2014.  Plaintiff's Statement of Contested Facts, Record Doc. No. 13-1 at ¶¶ 5-6.  Defendants' own evidence fails to establish that Kolwe verified that Thomas had not taken steps towards certification when plaintiff was fired more than three months <u>after</u> March 24, 2014.  In addition, defendants submitted <u>no evidence</u> that Kolwe investigated reports of illegal recruiting that he received at unspecified time(s) or that he relied, much less that he <u>reasonably</u> relied, on plaintiff's lack of certification, subpar performance ratings and/or alleged illegal recruiting when he ended Thomas's employment on July 1, 2014.

Defendants also assert that, even if Thomas had made progress towards certification, the Association's investigation revealed that he had engaged in illegal recruiting.   However, those results were not issued until a month after plaintiff's employment was terminated.  Kolwe could not possibly have relied on the Association's findings as a reason for the termination.

Defendants bear an evidentiary burden for summary judgment purposes, which they have failed to sustain as to <u>all</u> remaining claims against Kolwe, which ca<u>nnot</u> be dismissed on this record.

E.      <u>Material Facts Are in Dispute as to Kolwe's Qualified Immunity Defense</u>

After the Rule 12(c) dismissals, plaintiff's only remaining claim against Kolwe is for race discrimination in Kolwe's individual capacity under Sections 1981 and 1983. Defendants argue that Thomas's complaint does not meet the heightened, fact-specific pleading standard that the Fifth Circuit requires when an official pleads the defense of qualified immunity in a case brought under Section 1981 or 1983.  Defendants contend that the complaint should be dismissed because Thomas has not alleged facts to support Kolwe's personal involvement in the allegedly racially discriminatory termination.

To state a civil rights claim against a public official such as Kolwe, Thomas must allege facts demonstrating Kolwe's participation in the alleged wrong.  <u>Roberts v. City of Shreveport</u>, 397 F.3d 287, 291-92 (5th Cir. 2005); <u>Anderson v. Pasadena Indep. Sch. Dist.</u>, 184 F.3d 439, 443 (5th Cir. 1999).  "Personal involvement is an essential element

18

of a civil rights cause of action." Thompson v. L.A. Steele, 709 F.2d 381, 382 (5th Cir.

1983) (citation omitted); accord Hamilton v. Foti, 372 F. App'x 480, 486 (5th Cir. 2010).

> The heightened pleading requirement for a claim against a government employee
> requires [plaintiff] to allege the particular facts forming the basis of his
> claim, including those preventing [defendant] from successfully
> maintaining a qualified immunity defense. To overcome the immunity
> defense, the complaint must allege facts that, if proven, would demonstrate
> that [defendant] violated clearly established statutory or constitutional
> rights. Heightened pleading demands more than bald allegations and
> conclusionary statements. [Plaintiff] must allege facts specifically focusing
> on the conduct of [the individual defendant] which caused his injury.

Wicks v. Miss. State Emp't Servs., 41 F.3d 991, 994-95 (5th Cir. 1995) (citations

omitted).

Defendants accurately cite Wicks for the quoted holdings, but they fail to

acknowledge that the Fifth Circuit also held in that decision that the remedy for an

inadequate complaint is not to dismiss the case, but to allow plaintiff to amend the

complaint. Id. at 987. As discussed below, I find that Thomas's complaint adequately

alleges particular facts that form the basis of his claim against Kolwe individually.

Defendants next argue that Kolwe is entitled to summary judgment on his

qualified immunity defense to plaintiff's race discrimination claims under Sections 1981

and 1983 because, (1) by failing to identify personal conduct by Kolwe that deprived

Thomas of a constitutional right, plaintiff fails to state the violation of a constitutional

right and, (2) if Thomas does state such a violation, Kolwe's conduct was objectively

reasonable.

> The doctrine of qualified immunity offers a shield against civil liability for government employees insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. . . . [W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.
>
> In <u>Saucier v. Katz</u>, 533 U.S. 194 . . . (2001), the Supreme Court articulated a mandatory two-step sequence for resolving government officials' qualified immunity claims. <u>Saucier</u> required that lower courts consider first, whether the challenged conduct, <u>viewed in the light most favorable to the plaintiff</u>, would actually amount to a violation of [constitutional or] federal law, and second, if a violation has been alleged, whether the right was clearly established at the time of the alleged government misconduct. In the recent case of <u>Pearson v. Callahan</u>, [555 U.S. 223, 231 (2009)], the Court reconsidered the <u>Saucier</u> procedure, determined that while the [two-step] sequence . . . is often appropriate, it should no longer be regarded as mandatory, and gave lower courts permi[ssion] to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. In conducting our initial inquiry–whether the [plaintiffs] have alleged a violation of a constitutional right–we employ currently applicable constitutional standards.
>
> On the second inquiry–whether the right allegedly violated is "clearly established"–[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.

<u>Wernecke v. Garcia</u>, 591 F.3d 386, 392 (5th Cir. 2009) (quotations and additional

citations omitted) (emphasis added).

Defendants in the instant case do not dispute that "[t]he right to be free from racial discrimination [in employment] . . . is clearly established under" Sections 1983 and 1981. Gallentine, 919 F. Supp. 2d at 814 (citing CBOCS West, Inc. v. Humphries, 553 U.S. 442, 446 (2008); Southard v. Tex. Bd. of Crim. Justice, 114 F.3d 539, 550 (5th Cir. 1997); Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997); Garner v. Giarrusso, 571 F.2d 1330, 1338 (5th Cir. 1978)). Viewing the facts in the light most favorable to the nonmovant, as the court must on a summary judgment motion, Wernecke, 591 F.3d at 398, Thomas has alleged that Kolwe terminated him based on Kolwe's knowledge of allegedly false, racially motivated accusations of illegal recruiting against plaintiff, while Kolwe did not investigate similar, truthful allegations against Caucasian coaches. These allegations of Kolwe's personal involvement in a violation of a constitutional right state a claim under the first prong of the qualified immunity analysis. Although Thomas does not support his allegations of a constitutional violation with evidence, he is not required to do so because defendants' motion for summary judgment fails on the second prong of the qualified immunity analysis. Defendants have not met their burden to show an absence of disputed facts that Kolwe's actions were objectively reasonable.

For the second qualified immunity inquiry, the court must determine whether the conduct about which Thomas complains rises to the level of a violation of clearly established constitutional rights actionable under Section 1981 or 1983. This question

"generally turns on the objective legal reasonableness of the action."   Id. at 392

(quotation omitted).  "Officials do not receive the protection of qualified immunity when

in the light of pre-existing law the unlawfulness of the challenged act is apparent . . . ."

Id. at 400 (quotation omitted).

> "[I]f reasonable public officials could differ on the lawfulness of the
> defendant's actions, the defendant is entitled to qualified immunity."  . . . .
> "The second prong focuses not only on the state of the law at the time of
> the complained of conduct, but also on the particulars of the challenged
> conduct and/or of the factual setting in which it took place."   "A
> defendant's acts are . . . objectively reasonable unless all reasonable
> officials in the defendant's circumstances would have then known that the
> defendant's conduct violated the United States Constitution or the federal
> statute as alleged by the plaintiff."

Gallentine, 919 F. Supp. 2d at 814-15 (quoting Felton v. Polles, 315 F.3d 470, 478 (5th

Cir. 2002); Blackwell v. Barton, 34 F.3d 298, 303 (5th Cir. 1994)) (citing Haggerty v.

Tex. S. Univ., 391 F.3d 653, 655 (5th Cir. 2004); Southard, 114 F.3d at 550; Johnston

v. City of Houston, 14 F.3d 1056, 1059 (5th Cir. 1994)) (internal quotations omitted).

In the instant case, defendants have failed to support Kolwe's qualified immunity

defense with sufficient evidence to require Thomas to come forward with evidence to

controvert defendants' allegedly undisputed facts.   Assuming without deciding that

defendants' evidence is admissible, that evidence establishes only that, before plaintiff's

employment was terminated:  (1) his file as of March 24, 2014, did not indicate that he

had enrolled in an alternate certification program or had any examination scores posted

Defendant's Exh. A; (2) he received less than satisfactory ratings on December 6, 2013,

and March 13, 2014, Defendant's Exhs. B1, B2, B3; and (3) Kolwe knew at an unspecified time of unspecified reports that Thomas had engaged in illegal recruiting.

On this scant and unverified evidentiary record, numerous material fact issues remain in dispute, including what were Kolwe's stated reasons for terminating plaintiff's employment; whether Thomas was required to obtain teaching certification to maintain his job; whether Thomas made progress towards certification before or after March 24, 2014; whether Kolwe knew or made any attempt to learn of plaintiff's efforts, if any, in that regard; whether Kolwe relied on plaintiff's lack of progress towards certification when deciding to terminate Thomas; whether Kolwe relied on plaintiff's low performance ratings when deciding to terminate Thomas; whether and, if so, when Kolwe investigated the reports he received that Thomas had engaged in illegal recruiting activities; whether Kolwe relied on any such reports or investigation when deciding to terminate Thomas; whether Kolwe reasonably relied on plaintiff's lack of certification, performance ratings, the reports of illegal recruiting and/or Kolwe's investigation of those reports, if any, when deciding to end Thomas's employment; whether Kolwe's stated reasons for terminating plaintiff's employment changed retroactively; and whether the retroactive change, if any, undermines the reasonableness or credibility of Kolwe's original reasons.

Defendants have not carried their burden to substantiate the absence of material disputed facts with respect to Kolwe's qualified immunity defense.  Accordingly, their

partial motion for summary judgment is denied as to plaintiff's race discrimination claims against Kolwe in his individual capacity under Sections 1981 and 1983.

E.    No Due Process Claim

Thomas argues in his opposition memorandum that his complaint asserts a due process claim.  He asks that, if he pled that claim inadequately to overcome Kolwe's qualified immunity defense, he should be given leave to amend his complaint.  However, defendants did not argue in their partial motion for summary judgment that Kolwe was entitled to qualified immunity on plaintiff's due process claim because his complaint contains no such cause of action.

In his complaint, Thomas twice asserts conclusorily within lengthy, identical recitations of the alleged facts that his "termination was without due process," but he never specifies any facts regarding that alleged lack.  Complaint, Record Doc. No. 1 at pp. 2, 7.  Plaintiff's complaint asserts just one "Federal Cause of Action" for race discrimination under Title VII and 42 U.S.C. §§ 1981 and 1983, id. at p. 8, and one "State Causes [sic] of Action" for race discrimination under the Louisiana Employment Discrimination Law, La. Rev. Stat. 23:301 et seq.  Record Doc. No. 1 at pp. 11, 13. Nowhere does his complaint plead the elements of a claim for deprivation of due process, i.e., whether Thomas had a property or liberty interest that could not be taken away without procedural protections and, if he had such an interest, how much process was

24

due.  Maurer v. Town of Indep., No. 13-5450, 2015 WL 4097022, at *3 (E.D. La. July 7, 2015) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985)).

Plaintiff's request for leave to amend his complaint is not properly presented in an opposition memorandum.  "The district court [does] not need to entertain this type of nested request for amendment."  Patrick v. Wal-Mart, Inc., 681 F.3d 614, 622-23 (5th Cir. 2012) (quotation omitted).  The deadline to amend pleadings expired on April 17, 2015.  Scheduling Order, Record Doc. No. 9.  At the joint request of the parties, the trial date has recently been continued.  Record Doc. Nos. 17, 18.  A new scheduling order will be issued after the conference scheduled on January 5, 2016.  Record Doc. No. 18.  If Thomas wants to amend his complaint to assert a due process claim, he must promptly file a motion for leave to do so after the lapsed amendment deadline under Fed. R. Civ. P. 16(b)(4) and establish good cause for the request.  S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003).

CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that defendants' partial motion to dismiss is GRANTED IN PART in that plaintiff's claims of race discrimination against Kolwe in his official capacity under Sections 1981 and 1983 and against Kolwe in his individual and official capacities under the Louisiana Employment Discrimination Law and Title VII are DISMISSED WITH PREJUDICE.

In all other respects, the motion is DENIED.  Plaintiff's claims remaining for trial at this time, in the absence of any properly submitted motion to amend, are against Kolwe in his individual capacity for race discrimination under Sections 1981 and 1983, and against the Board for race discrimination under Title VII, Sections 1981 and 1983, and the Louisiana Employment Discrimination Law.

New Orleans, Louisiana, this _____21st___ day of December, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE